THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHAD MICHAEL GIBNEY,<br><br>Defendant. | CR 23-59-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Chad Michael Gibney (Gibney) has been accused of violating conditions of his supervised release. (Docs. 25 and 27). Gibney admitted some of the alleged violations. Gibney's supervised release should be revoked. Gibney should be sentenced to custody until June 17, 2025, with 17 months of supervised release to follow.

## II. Status

Gibney plead guilty on January 6, 2021, in the United States District Court for the District of Idaho to the offense of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(a). Gibney was

sentenced to 54 months of custody followed by 36 months of supervised release. Gibney's current term of supervised release began on July 22, 2024.

**Petition**

On December 2, 2024, the United States Probation Office filed a Petition requesting that the Court revoke Gibney's supervised release. (Doc. 25). The Petition alleged Gibney violated conditions of his supervised release by: (1) using MDMA on or about October 8, 2024; and (2) committing another federal state or local crime by being charged on November 27, 2024 with the misdemeanor offenses of Driving Under the Influence of Alcohol or Drugs, in violation of Mont. Code Ann. § 61-8-1002(1)(a); Fail to Drive to Right of Roadway Except when Passing in violation of Mont. Code Ann. § 61-8-321(1); Criminal Possession of Drug Paraphernalia, in violation of Mont. Code Ann. §45-10-103; and Tampering with or Fabricating Evidence, in violation of Mont. Code Ann. §45-7-207.

**Amended Petition**

On April 22, 2025, the United States Probation Office filed an Amended Petition requesting that the Court revoke Gibney's supervised release. (Doc. 27). The Amended Petition alleged Gibney violated conditions of his supervised release by the added violations of: (3) committing the felony offense of Criminal Possession of Dangerous Drugs, in violation of Mont. Code Ann. 45-9-102 on November 27, 2024, in Cascade County, Montana.

### Initial Appearance

Gibney appeared before the Court on April 29, 2025. Gibney was represented by counsel. Gibney stated that he had read the Amended Petition and that he understood the allegations against him. Gibney waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation hearing

The Court conducted a revocation hearing on April 29, 2024. Gibney admitted that he had violated the conditions of supervised release as set forth in the Amended Petition by: (1) using MDMA on or about October 8, 2024; and (3) committing the felony offense of Criminal Possession of Dangerous Drugs, in violation of Mont. Code Ann. 45-9-102 on November 27, 2024, in Cascade County, Montana. The Government moved to dismiss allegation (2), which the Court granted. Gibney's admitted violations are serious and warrant revocation of his supervised release.

### Sentencing hearing

Gibney appeared before the Court on April 29, 2025. Gibney's violation is a Grade B violation. His criminal history category is I. Gibney's underlying offense is a Class A felony. Gibney could be incarcerated for up to 60 months. Gibney could

be ordered to remain on supervised release for 24 months less any custody time. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III.   Analysis

Gibney's supervised release should be revoked. Gibney should be sentenced to custody until June 17, 2025, with 17 months of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV.   Conclusion

The Court informed Gibney that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Gibney of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Gibney that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Gibney waived his right to appeal and allocute before Judge Morris.

The Court **FINDS:**

> That **CHAD MICHAEL GIBNEY** has violated the conditions of his supervised release by: (1) using MDMA on or about October 8, 2024; and (3) committing the felony offense of Criminal Possession of Dangerous Drugs, in violation of Mont. Code Ann. 45-9-102 on November 27, 2024, in Cascade County, Montana.

The Court **RECOMMENDS:**

That the District Court revoke Gibney's supervised release and place Gibney in custody until June 17, 2025, with 17 months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C.  Section 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 30th day of April 2025.

John Johnston
United States Magistrate Judge