IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> CHAD MICHAEL GIBNEY, <br><br> Defendant. | CR-23-59-GF-BMM <br><br><br> **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on April 30, 3035. (Doc. 32.)

When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Bad Old Man v. Arn*, 474 U.S. 140, 153-52 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Judge Johnston conducted a revocation hearing on April 29, 2025. (Doc. 29.) The United States accused Chad Gibney (Gibney) of violating his conditions of

supervised release by: (1) using MDMA on or about October 8, 2024; and (2) committing another federal state or local crime by being charged on November 27, 2024 with the misdemeanor offenses of Driving Under the Influence of Alcohol or Drugs, in violation of Mont. Code Ann. § 61-8-1002(1)(a); Fail to Drive to Right of Roadway Except when Passing in violation of Mont. Code Ann. § 61-8-321(1); Criminal Possession of Drug Paraphernalia, in violation of Mont. Code Ann. §45-10-103; and Tampering with or Fabricating Evidence, in violation of Mont. Code Ann. §45-7-207; (3) committing the felony offense of Criminal Possession of Dangerous Drugs, in violation of Mont. Code Ann. 45-9-102 on November 27, 2024, in Cascade County, Montana (Docs. 25 and 27.)

At the revocation hearings Gibney admitted to having violated the conditions of his supervised release by: (1) using MDMA on or about October 8, 2024; and (3) committing the felony offense of Criminal Possession of Dangerous Drugs, in violation of Mont. Code Ann. 45-9-102 on November 27, 2024, in Cascade County, Montana. The Government moved to dismiss allegation (2), which the Court granted. (Doc. 29.)

Judge Johnston found that the violations Gibney admitted proves serious and warrants revocation of his supervised release and recommends a sentence until June 17, 2025, with 17 months of supervised release to follow (Doc.32.) Gibney was advised of his right to appeal and his right to allocute before the undersigned and waived those rights. (Doc.29.)

The violation proves serious and warrants revocation of Gibney's supervised release. The Court finds no clear error in Judge Johnston's Findings and Recommendations.

Accordingly, **IT IS ORDERED** that Judge Johnston's Findings and Recommendations

(Doc. 32.) are **ADOPTED IN FULL.  IT IS FURTHERORDERED** that Chad Michael Gibney be sentenced to a term of custody until June 17, 2025, with 17 months of supervised release to follow.

DATED this 30th day of April 2025.

_____
Brian Morris, Chief District Judge
United States District Court